**UNITED STATES**

v.

**David A. PHILLIPS, 138 66 9714, Seaman Recruit (E–1), U.S. Navy.**

**NMCM 88 4279.**

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 10 June 1988.

Decided 30 Oct. 1989.

Lt. Nicholas Fitzgerald, JAGC, USNR, Appellate Defense Counsel.

Lt. John J. Mulrooney, II, JAGC, USNR, Appellate Government Counsel.

Maj. R.H. Zales, USMC, Appellate Government Counsel.

Before MCLERAN, Senior Judge, and HILTON and RUBENS, JJ.

PER CURIAM:

Appellant was convicted, contrary to his pleas, at a special court-martial, military judge alone, of one specification of disrespect to a petty officer who was then in the execution of his office, in violation of Article 91, Uniform Code of Military Justice (UCMJ), and fourteen specifications of obtaining long-distance telephone services under false pretenses, in violation of Article 134, UCMJ, 10 U.S.C. §§ 891 and 934, respectively. Consistent with his pleas, appellant was acquitted of one specification of failing to go to his appointed place of duty and one specification of being incapacitated for duties through prior wrongful indulgence in intoxicating liquor. The total value of the wrongfully obtained telephone services was $2,521.47. The judge sentenced appellant to 2 months of confinement and a bad-conduct discharge.

The sole issue on appeal is whether an otherwise properly warned confession is inadmissible because it was preceded by three illegally conducted interrogations. We hold that the confession was properly admitted into evidence by the judge at trial.

In August, 1987, appellant began placing private long distance phone calls on government telephones. In October of the same year, he began accepting private collect calls on government telephone numbers. In January, 1988, suspicion fell upon appellant, causing his leading petty officer to summon him for questioning. This petty officer failed to give appellant a proper rights advisement. At first appellant denied involvement in the illegal calls, but when faced with the phone numbers involved, he "guessed" that he must have made or received the calls because they were the telephone numbers of his wife, mother and mother-in-law, although he professed no memory of doing so. Following this acknowledgement, the leading petty officer asked how he was going to reimburse the government. As a result, appellant immediately began a voluntary allotment. Later that day, appellant was summoned for an interrogation by his division officer, leading chief petty officer, and leading petty officer. Again he was not warned properly of his rights and again he confessed.

Thereafter, a report chit was written and another chief was appointed to investigate. For a third time appellant was interrogated without a full rights advisement and for the third time he confessed.

The case was then turned over to the Naval Investigative Service (NIS). The case agent was aware of the prior investigations and the allotment. Approximately a month after the third interrogation, the agent called appellant in for a fourth interrogation. The agent properly advised appellant of his rights, appellant properly waived his rights, and then confessed yet again. No cleansing warnings were given

at any point to appellant and, following the rights advisement and waiver but prior to the confession, the agent informed appellant that he was aware of the prior investigations into appellant's conduct.

At trial, appellant moved to suppress all four confessions. The trial judge excluded the first three, but admitted the fourth. It is this ruling which is challenged by appellant on appeal.

■ In cases such as this, where the Government seeks to introduce a statement made by the accused which follows prior statements given as a result of one or more illegal interrogations, the Government must establish "that it was preceded by an Article 31(b) warning and was not the product of the earlier violation of Article 31(b)." *United States v. Spaulding*, 29 M.J. 156, 161 (C.M.A.1989).

Additionally, Military Rule of Evidence (Mil.R.Evid.) 304(a) prohibits the receipt into evidence of any statement which is involuntary. "A statement is 'involuntary' if it is obtained in violation of the self-incrimination privilege or due process clause of the Fifth Amendment to the Constitution of the United States, Article 31 [of the UCMJ], or through the use of coercion, unlawful influence, or unlawful inducement." Mil.R.Evid. 304(c)(3). The analysis of this rule states:

> There is no change in the principle, set forth in the fifth paragraph of [Paragraph] 140a(2), MCM, 1969 (Rev.), that a statement obtained "in an interrogation conducted in accordance with all applicable rules is not involuntary because the interrogation was preceded by one that was not so conducted, *if it clearly appears* that all improper influences of the preceding interrogations had ceased to operate on the mind of the accused or suspect at the time that he or she made the statement." In such a case, the effect of the involuntary statement is sufficiently attenuated to permit a determination that the latter statement was not "*obtained* in violation of" the rights and privileges found in Rules 304(c)(3) and 305(a) ([second] emphasis added).

Appendix 22, MCM, 1984, *Analysis of the Military Rules of Evidence*, Rule 304(c)(2) (first emphasis added).

■ In determining whether the latest statement was the product of the prior illegal interrogations, one must look at "the surrounding circumstances and the entire course of police conduct with respect to the suspect" and not merely to the warnings given. *Spaulding*, 29 M.J. at 162 (Cox, J., concurring) [quoting *Oregon v. Elstad*, 470 U.S. 298, 318, 105 S.Ct. 1285, 1298, 84 L.Ed.2d 222, 238 (1985)]. Some factors which have previously been specially enumerated in a similar context are "the time lapse between the questioning periods, whether the accused was again questioned by the individual who obtained the prior inadmissible statement, whether the accused himself made an acknowledgement that his prior admissions did not influence his decision to incriminate himself again, and whether the interrogator relied upon the prior admissions in seeking a subsequent statement." *United States v. Seay*, 1 M.J. 201, 204 (C.M.A.1975).

In the case at hand, the trial judge stated that "[t]he court is satisfied that [the fourth] statement was proceeded [sic] by appropriate warning, was a voluntary statement and would have been provided in spite of the earlier unwarned statements made by Seaman Recruit Phillips."

We concur with the trial judge. Approximately one month had elapsed between the last of the illegal interrogations and the NIS interrogation. The NIS agent referred only to the prior investigations in a general manner, and then only after appellant had knowingly waived his rights. Finally, we find it especially probative that appellant did not assert during his testimony at trial that he would never have confessed at his fourth interrogation, but for the prior illegal interrogations. *See Spaulding*, at 161.

We also want to highlight the fact that in this case there is no hint of any bad faith on behalf of the Government in its course of dealing with appellant. Any suggestion that the Government had intentionally failed to warn appellant when interrogated

at the command level while intending to acquire evidence admissible at trial from a subsequent properly warned interrogation would have involved grave due process concerns.

Accordingly, we hold that the military judge did not err in denying appellant's motion to suppress his confession to the NIS special agent. The findings and sentence as approved on review below are affirmed.